JOHN PETER PULLIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-528-CR

JOHN PETER PULLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Peter Pullis appeals from a conviction for driving while intoxicated with a child passenger committed on December 27, 2003.  A jury convicted Appellant and assessed his punishment at twenty-four months’ confinement in a state jail facility and a $10,000 fine.  The trial court sentenced Appellant accordingly.  We will affirm.  

Anders
 Review

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  We provided Appellant with an opportunity to file a pro se brief, but he has not filed one.  The State did not file an appellate brief. 

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Background

Kenne Patterson testified that on December 27, 2003 he was driving into Granbury when he saw a car swerving on Highway 51.  The car kept swerving from one side of the road to the other, into the oncoming traffic.  After this occurred numerous times, Patterson called 9-1-1 on his cell phone to report the situation so that no one would get hurt.  As the car came into town, it ran a red light.  Patterson continued to follow the car and called 9-1-1 a second time.  The car kept swerving and finally drove into a Wal-Mart parking lot.  Appellant got out of the car and went inside the store.  The police arrived and asked Patterson to point out the driver of the car.  Patterson identified Appellant as the driver of the car; at that time, Appellant was in the checkout line at Wal-Mart purchasing a case of beer.

Officer Caleb Goodman is a patrol officer for the City of Granbury Police Department.  On December 27, 2003, he received a dispatch to respond to a 9-1-1 call regarding an intoxicated driver.  When Officer Goodman arrived at Wal-Mart, Patterson approached him, explained what he had observed, and pointed out the driver of the car, Appellant, who was standing at the register inside the store.  After Appellant completed his purchase and left the store, he walked by Officer Goodman who smelled alcohol and stopped Appellant to speak with him. Officer Goodman detected a strong odor of alcoholic beverage coming from Appellant’s breath and noticed that his speech was slowed and slurred.  Officer Goodman saw that Appellant’s eyes were bloodshot and glassy and that he was swaying forwards, back, and side to side.  Officer Goodman performed a horizontal gaze nystagmus test on Appellant.  The officer explained that there are six possible “clues” of intoxication when this test is given, and Appellant exhibited six clues when given the test. 
 Based upon his experience as a police officer, Officer Goodman had a suspicion that Appellant was intoxicated.  Under questioning at the scene, Appellant confirmed that he had been driving the car, but explained that it was because his wife was too intoxicated to drive.  Officer Goodman went over to the car, and although the doors were locked, he shined his flashlight into the car and saw a female curled up in the passenger’s seat. Another police officer got the keys from Appellant and opened the car.  The woman, Appellant’s wife Melissa, was unconscious, was extremely intoxicated, and had urinated on herself.  There was a child in the rear seat in a child safety car seat; the child appeared to be approximately two years old.

Using the information on Appellant’s identification card, 
Officer Goodman ran a check through the police computers and determined that there was an outstanding warrant for Appellant’s arrest from Granbury Municipal Court for the offense of public intoxication.  Police transported Appellant to police headquarters so that he could take a breath test.  At the police station Appellant told the officer that a buddy of his had been driving the car but had “split” the scene when the police showed up.  Officer Goodman affirmed at trial that, in his opinion, Appellant was intoxicated to the degree that it would affect the normal use of his mental and physical facilities by reason of the introduction of alcohol into his body.

Sergeant William E. Barton testified that he is certified as an intoxilyzer operator and that although Appellant was initially uncooperative, he eventually gave the two samples required for a valid test.  Robert Browder testified that as a technical supervisor with the Texas Department of Public Safety, he was charged with administering the breath alcohol testing program in Hood County and that the intoxilyzer machine was in normal operating condition on December 27, 2003.  The State introduced the test results showing that Appellant had a blood alcohol concentration of between .10 and .093.  Browder opined that a person who has an alcohol concentration in this range would have lost the normal use of his mental and physical faculties for the purpose of operating a motor vehicle.

Appellant testified that prior to December 27, 2003 his driver’s license had been suspended because he had been convicted of driving while intoxicated, and his wife Melissa was supposed to do all the driving.  Melissa is an alcoholic, is bipolar, has a rage disorder, and has a psychotic disorder.  She takes two types of prescription medicines.  On the evening of December 27, 2003, Melissa took her two-year-old daughter and got into the car to go buy more beer.  Melissa drove the car and Appellant sat in the passenger’s seat; he accompanied her “to minimize whatever damage might happen.”  Appellant stated that he lied to the police when he was questioned at the police station regarding who had been driving the car; his reason was that he was not under oath at that time.  He lied because Melissa had been in trouble with Child Protective Services in the past and he wanted her to keep custody of her child.  Appellant admitted drinking two sixteen-ounce cans of beer at his house before leaving in the car.

Jurisdiction

Our review of the record reveals no jurisdictional defects.  The State properly established venue in Hood County, Texas.  The trial court had jurisdiction over this case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charge against him.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Sufficiency Of The Evidence

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place and the vehicle is occupied by a passenger who is younger than fifteen years of age.  
Tex. Penal Code Ann.
 § 49.045 (Vernon Supp. 2005).

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482. 

We have previously recited the facts in detail.  Applying the appropriate standards of review, we find that the evidence is legally and factually sufficient to support Appellant’s conviction. 

Jury Charge

The court’s charge on guilt-innocence properly defined the law, including an instruction regarding proof beyond a reasonable doubt, and properly applied the law to the facts of the case. 
 See
 
Tex. Penal Code Ann
.
 § 2.01 (
Vernon
 2003); Tex. Code Crim. Proc. Ann.
 art. 36.16 (Vernon 1981).
  The jury charges at both the guilt-innocence and punishment phases of the trial do not contain reversible error. 

Punishment And Sentencing

At the punishment phase, the State offered evidence of a subsequent arrest of Appellant on May 16, 2004 for driving while intoxicated, and a copy of a judgment indicating that on August 29, 2003 Appellant had been convicted of “DWI-Open Container.”  
Appellant did not lodge any objections to this evidence.  The jury assessed Appellant’s punishment at twenty-four months’ confinement and a $10,000 fine. 
 The court sentenced Appellant in accordance with the jury’s verdict.  
An offense under section 49.045 is a state jail felony.  
Tex. Penal Code Ann.
 § 49.045(b).  
The sentence imposed is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 § 12.35 (Vernon 2003). The record demonstrates that the jury based the sentence on admissible evidence provided by the State and Appellant.  The court properly sentenced Appellant to twenty-four months’ confinement, plus a $10,000 fine.  Our review of the record reveals no reversible error from the punishment or sentencing phases. 

Effective Assistance of Counsel

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of Appellant’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). 

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or that would require reversal of this case.  We grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.